UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-461-RJC
(3:10-cr-208-RJC-1)

| | |
|---|---|
| JOSEPH ALEXANDER CLINTON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court upon the Government's motion to stay disposition of this collateral proceeding which is filed pursuant to 28 U.S.C. § 2255. (Doc. No. 4). Petitioner is represented by the Federal Defenders of Western North Carolina. Counsel does not object to the Government's Motion. (Id. at 2).

On June 14, 2011, Clinton was found guilty of Conspiracy to Commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a) ("Count One"); Hobbs Act Robbery, and Aiding and Abetting the Same, in violation of 18 U.S.C. §§ 2 and 1951(a) ("Count Two"); and Using and Carrying a Firearm During and In Relation to a Crime of Violence, in violation of (18 U.S.C. § 924(c) ("Count Three"). On January 17, 2013, this Court sentenced him to 60 months on Counts One and Two, and 120 months consecutive on Count Three, for an aggregate sentence of 180 months' imprisonment.

On June 23, 2016, Clinton commenced this action by filing a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1). He challenges his § 924(c) conviction and sentence, arguing that in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), a Hobbs Act robbery does not qualify as a "crime of

1

violence" under § 924(c). In Johnson, the Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act's definition of "crime of violence" violates the Constitution's guarantee of due process; the decision did not address § 924(c)'s definition of "crime of violence." See id. at 2563.

The Government has filed the instant Motion to hold this action in abeyance pending decisions by the Fourth Circuit Court of Appeals in United States v. Ali, No. 15-4433, and United States v. Simms, Fourth Circuit Case No. 15-4640. (Doc. No. 4). In those cases, the Fourth Circuit is considering whether Johnson renders the residual clause of § 924(c) unconstitutionally vague. Both also involve convictions for Hobbs Act robbery.

The issues to be decided in Ali and Simmons may be dispositive of Petitioner's claims for relief under Johnson. In light of these factors, and in the absence of opposition from Clinton, the Court finds it is in the interest of judicial economy to grant the Government's Motion to hold this action in abeyance.

**IT IS, THEREFORE, ORDERED** that the Government's motion to hold Clinton's § 2255 Motion to Vacate in abeyance (Doc. No. 4) is **GRANTED**. The above-captioned action is held in abeyance pending the Fourth Circuit's decisions in United States v. Ali, No. 15-4433 and/or United States v. Simms, Fourth Circuit Case No. 15-4640. The Government shall have 60 days from the date of either of these two decisions to file an answer, motion, or other response to Clinton's § 2255 Motion to Vacate.

Signed: May 18, 2017

Robert J. Conrad, Jr.
United States District Judge